VANESSA WILLIAMS, administratrix, *vs.* MICHAEL
BRESNAHAN & another.[1]

No. 88-P-43.

Suffolk. January 20, 1989. — April 7, 1989.

Present: BROWN, DREBEN, & FINE, JJ.

*Massachusetts Tort Claims Act. Negligence,* Medical malpractice, Public
employee. *Medical Malpractice,* Public employee. *Doctor,* Employ-
ment. *Agency,* What constitutes. *Practice, Civil,* Summary judgment.

In a malpractice action against two resident physicians at Boston City Hospi-
tal, summary judgment was properly ordered in favor of the defendants
on the ground that they were immune from liability under provisions of
the Massachusetts Tort Claims Act, G. L. c. 258, § 2, where the sole
fact asserted by the plaintiff in opposition to the motion for summary
judgment, i.e., that the defendants were also under the supervision of
the attending physician who allegedly was not a public employer or a
public employee, was not sufficient to raise a genuine issue of material
fact that the defendants were not under the direction and control of the
city of Boston. [192-193]

CIVIL ACTION commenced in the Superior Court Department
on October 31, 1986.

Motions for summary judgment were heard by *Elbert Tuttle,* J.

*Charles S. Mancuso* (*Kevin G. McIntyre* with him) for the
plaintiff.

*Joseph L. Tehan, Jr.,* Assistant Corporation Counsel, for
the defendants.

BROWN, J. The plaintiff appeals from the entry of summary
judgment in this medical malpractice action. The defendants
are house officers (residents) at Boston City Hospital.[2] The
sole issue on appeal is whether the judge erred in ordering sum-

---

[1] Madeline Grant.

[2] A third defendant, the attending physician, was not a party to the sum-
mary judgment proceeding.

mary judgment for the house officers (the defendants here) on the ground that they were immune from liability as public employees.

The Massachusetts Tort Claims Act "imposes liability on a public employer for a public employee's negligent act performed within the scope of his employment and relieves the public employee from liability." *Schenker* v. *Binns*, 18 Mass. App. Ct. 404, 404 (1984). The plaintiff, administratrix of the estate of Madeline Williams, sued the doctors involved in her mother's treatment at Boston City Hospital, individually.

As house officers at Boston City Hospital, the defendants are on the hospital payroll and receive weekly salaries from the city of Boston. They do not admit patients but treat people who become patients of the hospital. For purposes of collective bargaining, the residents are members of the House Officers' Association, which, pursuant to G. L. c. 150E, bargains with the city in regard to compensation, benefits, discipline, grievances, vacation time, sick leave, hours and other conditions of employment. The city provides them with health coverage, sick leave, and vacation benefits comparable to benefits received by all employees of the city's department of health and hospitals.

"The legal principles that govern the determination whether the doctor was a 'public employee' of the city and, therefore, freed from liability to the plaintiff by G. L. c. 258, § 2, are the same as those that have determined whether an agent is a servant for whose negligent acts a principal may be liable under the common law doctrine of respondeat superior. . . . [A] city or any agency of a city is a public employer if it 'exercises direction and control over the public employee.' G. L. c. 258, § 1 (1984 ed)." *Kelley* v. *Rossi*, 395 Mass. 659, 661 (1985). "A house officer, such as a resident, has duties and obligations at a hospital that demonstrate that he or she is a servant. The general rule is that a resident is a servant of the hospital. See D.M. Harney, Medical Malpractice § 6.5 (1973); IIB Hospital Law Manual § 4-2, at 52 (March, 1984)." *Id.* at 663.

The plaintiff contends that because the defendants were subject to the supervision and control of the attending physician,

who was neither a public employer or employee, they were not under the control and direction of the public employer. We disagree. The fact that the defendants were subject to supervision by the attending physician in addition to the public employer does not, by itself, mean that they were not public employees. Compare *Florio* v. *Kennedy*, 18 Mass. App. Ct. 917 (1984). "[A] person might well be a servant of another without that other having the right of control over his every movement." *Marino* v. *Trawler Emil C, Inc.*, 350 Mass. 88, 97 (1966).

The party moving for summary judgment has the burden of demonstrating that there is no genuine issue as to any material fact and that he is entitled to judgment as matter of law. *Community Natl. Bank* v. *Dawes*, 369 Mass. 550, 554 (1976). *Foley* v. *Matulewicz*, 17 Mass. App. Ct. 1004, 1005 (1984). In the instant case the sole fact asserted by the plaintiff in opposition to the motion for summary judgment is that the defendants were also under the supervision of the attending physician, who allegedly was not a public employer or a public employee. That circumstance, if proved, would not have altered the public employee status of the defendants, and, therefore, is not sufficient to raise a genuine issue of *material* fact that the defendants were not under the direction and control of the city.[3] Contrast *Smith* v. *Steinberg*, 395 Mass. 666 (1985).

*Judgment affirmed.*

---

[3] Deciding as we do, we have no need to discuss the efficacy or the propriety of the insurance coverage provided by the city to house officers.