**Anna I. LYNSKY, as Administratrix of the Estate of Arthur Maguire, Plaintiff,**

**v.**

**CITY OF BOSTON, Sherman Horton, Errol Depass, John Bemis, Randal C. Sugerman, M.D., Dae Yung Chun, M.D., Winthrop Hospital and H. Kohanna, M.D., Defendants.**

**Civ. A. No. 88–1094–N.**

United States District Court, D. Massachusetts.

Nov. 26, 1990.

As Amended April 10, 1991.

Jonathan Shapiro, Stern and Shapiro, Boston, Mass., for plaintiff.

Susan M. Weize, Asst. Corp. Counsel, City of Boston Law Dept., Boston, Mass., for City of Boston.

Joan Eldridge, McCarthy, Foster & Eldridge, Cambridge, Mass., for Dr. Chung.

## ORDER

DAVID S. NELSON, District Judge.

Defendant Dae Yung Chun, M.D., pursuant to Rule 3(b) of the Rules for the United States Magistrates in the United States District Court for the District of Massachusetts, objects to portions of the "Report and Recommendation RE: Motion of Defendant, Dae Yung Chun, M.D., for Summary Judgment and for Entry of Final Judgment as to Counts X and XI of Amended Complaint and Plaintiff's Motion to Amend Complaint."

After *de novo* review of defendant's objections, this Court DENIES defendant's motion for Summary Judgment with respect to Count X and XI.

## I. *Gross Negligence*

■ Defendant's argument, in sum, is that there is no evidence sufficient to raise a claim of gross negligence. The standard for granting summary judgment is that there is no genuine issue as to a material fact. Fed.R.Civ.P. 56(c). Further, a court is to view the facts in a light most favorable to the non-moving party. *Mack v. Great Atl. & Pac. Tea Co.*, 871 F.2d 179, 181 (1st Cir.1989);

Viewing the pleading in the light most favorable to the plaintiffs this Court determines that there is a genuine issue as to whether or not defendant acted with gross negligence.

The question of negligence is usually one of fact for the jury. A court may only take this issue from the jury when no rational view of the facts would support a finding of gross negligence. *Irwin v. Ware*, 392 Mass. 745, 764, 467 N.E.2d 1292 (1984). At this stage in the instant litigation, this Court cannot say that no rational view of the evidence will support a finding of gross negligence. Therefore, the Court leaves the determination of gross negligence to the jury.

## II. *Status of the Defendant*

■ Defendant claims that at the time of the actions which are the basis of this suit, he was a public employee. As a result, he argues, he has qualified immunity from suits for gross negligence. *Memorandum of Defendant, Dae Yung Chun, M.D. In Support Of Motion For Summary Judgment And For Entry Of Separate And Final Judgment*, p. 12.

Upon review of the pleadings, the Court cannot say that there is no dispute as to whether or not defendant was an independent contractor. The facts cited by each of the parties in their motions indicate that the defendant's employment status raises a genuine issue concerning a material fact. The Court, therefore, leaves it to the jury to determine whether the City of Boston exercised sufficient direction and control over defendant to qualify him as a public

employee. *Williams v. Bresnahan,* 27 Mass.App.Ct. 191, 192, 536 N.E.2d 365 (1989).

The Court therefore

1) DENIES defendant's motion for summary judgement on Count X, the issue of gross negligence, and

2) DENIES defendant's motion for summary judgement on Count X, the issue of the employment status of the defendant.

SO ORDERED.

REPORT AND RECOMMENDATION RE: MOTION OF DEFENDANT, DAE YUNG CHUN, M.D., FOR SUMMARY JUDGMENT AND FOR ENTRY OF FINAL JUDGMENT AS TO COUNTS X AND XI OF AMENDED COMPLAINT (DOCKET # 77–S) AND PLAINTIFF'S MOTION TO AMEND COMPLAINT (DOCKET # 86)

September 26, 1990

MARIANNE B. BOWLER, United States Magistrate.

The defendant, Dae Yung Chun, M.D., ("Dr. Chun") has moved for summary judgment on the plaintiff, Anna I. Lynsky's ("Lynsky") claims of gross negligence and violation of 42 U.S.C. § 1983 as set forth in the plaintiff's "amended" complaint[1]. Lynsky alleges that Dr. Chun was deliberately indifferent to Arthur Maguire's serious medical needs and that Dr. Chun was grossly negligent and reckless in failing to provide Mr. Maguire with medical care and treatment.

On July 2, 1990, Lynsky moved to amend the Complaint to allege that Dr. Chun was an independent contractor, not a public employee and to add an additional count against Dr. Chun personally for negligence. (Docket Entry # 86). As grounds for her motion, Lynsky states that she has learned, in the course of discovery, that Dr. Chun was an independent contractor, not a public employee as alleged in the original complaint. Dr. Chun opposes the motion (Docket Entry # 91) on the following

grounds: (1) plaintiff is bound by her original allegation in paragraph seven of her complaint that defendant Dr. Chun was "employed by the City of Boston Penal Commission;" and (2) the timing of the amendment is unfairly prejudicial to defendant Dr. Chun. (*Id.*). Because many of the claims asserted in the summary judgment motion are inextricably tied to the fate of the amended complaint, this order will address the Plaintiff's Motion to Amend Complaint (Docket Entry # 86) first.

*I. Motion to Amend Complaint (# 86)*

■ Plaintiff seeks to amend paragraph seven of the complaint to allege that Dr. Chun was an independent contractor, not a public employee and to include a claim, Count Fifteen, against Dr. Chun for negligence. (Docket Entry # 86). Plaintiff's motion is predicated on knowledge acquired during the course of discovery. (Docket Entry # 88, pp. 2–3).

Fed.R.Civ.P. 15(a) provides that leave to amend a pleading "shall be freely given when justice so requires." It is well settled that a motion should not ordinarily be denied "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of the amendment, etc." *Vargas v. McNamara,* 608 F.2d 15, 18 (1st Cir.1979) (quoting *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962)).

Defendant, Dr. Chun, opposes the motion primarily on the ground that allowance of the proposed amendment will result in unfair prejudice. The defendant emphasizes the fact that he had, at the time of plaintiff's motion, already filed a motion for summary judgment and that the majority of discovery was completed. (Docket Entry # 91, pp. 3–4). The deadline for conducting discovery, however, is September

---

**1.** The amendment as referred to by the defendant concerns an amendment which allegedly occurred prior to removal of this case to this

court. Hereinafter, this court shall refer to that pleading as the "complaint."

24, 1990. In addition, no trial date has been set for this case.

It is clear that the court should consider any prejudice that an opposing party may suffer as a result of allowing a party to amend a pleading. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 331, 91 S.Ct. 795, 802, 28 L.Ed.2d 77, *reh'g. denied*, 401 U.S. 1015, 91 S.Ct. 1247, 28 L.Ed.2d 552 (1971); *Stephanischen v. Merchants Despatch Transportation Corp.*, 722 F.2d 922, 933 (1st Cir.1983); *United States v. United States Trust Co.*, 106 F.R.D. 474, 476 (D.Mass.1985).

In this case, allowing the Motion to Amend Complaint (Docket Entry # 86) would not cause any undue delay, nor would it unfairly prejudice the defendant, Dr. Chun. No trial date has been scheduled for this action. The parties have also represented that no substantial discovery will be necessary as a result of allowing the plaintiff's motion.[2] The proposed negligence claim does not assert a basis for liability that is so different from the claim of gross negligence in the original complaint that a substantial change in the trial strategy would be necessary. The additional claim does not require the establishment of additional facts; rather, it requires an analysis of the degree of culpability of the defendant's actions based on the facts as initially asserted.

For the reasons set forth above, plaintiff's Motion to Amend Complaint (Docket Entry # 86) is ALLOWED. The motion is, however, DENIED with respect to the claims asserted in the Eleventh Count for violation of G.L. c. 12 § 11I on the grounds that the plaintiff has conceded that cause of action. In addition, the amendment is DENIED with respect to all claims remaining in the proposed Amended Complaint against the defendants Randal C. Sugar-

man, M.D., Fred Kohanna, M.D., and Winthrop Hospital, as the action was previously dismissed and judgment entered as to those defendants. (*See* Docket Entry # 41; # 42; # 43).

## II. Motion of Defendant, Dae Yung Chun, M.D., for Summary Judgment and for Entry of Separate and Final Judgment as to Counts X and XI of Amended Complaint (# 77S)

### A. Undisputed Facts

Viewing the record before this court in the light most favorable to the plaintiff, the nonmoving party, and considering all inferences favorable to the plaintiff, *Ismert and Associates v. New England Mutual Life Ins.*, 801 F.2d 536, 537 (1st Cir.1986), this court finds the following material facts to be undisputed for purposes of the defendant's motion for summary judgment.[3]

Arthur Maguire, a 450–500 pound inmate, who allegedly had problems with extreme obesity and high blood pressure, was incarcerated at Deer Island House of Correction on January 4, 1985. (¶ 10, Amended Complaint). Dr. Chun worked as a medical director at Deer Island from July of 1984 through June of 1985. (Deposition of Dae Yung Chun, M.D. (hereinafter "Chun Deposition"), p. 10). Dr. Chun was free to set his own hours of work as long as he worked a total of 20 hours per week at Deer Island. (Docket Entry # 87, p. 1; Chun Deposition, pp. 10 and 15; Answers of Defendant Dae Yung Chun, M.D. to Interrogatories of the Plaintiff (Hereinafter "Answers to Interrogatories"), # A.9). Dr. Chun was on call twenty-four hours a day. (Docket Entry # 87, p. 2; Chun Deposition, p. 40; Answers to Interrogatories, # A.9). Dr. Chun's decisions regarding the care and treatment of patients were unsupervised. (Docket Entry

---

**2.** The plaintiff stated that no additional discovery will be necessary as a result of the motion. The defendant asserted that he will need to take several new depositions, including the following: (1) nurses; (2) the subsequent treating physician; (3) the prison guards concerning the time subsequent to Dr. Chun's leaving his position.

**3.** The statement of undisputed facts is derived from the pleadings and the various exhibits submitted by the parties with respect to the pending motion for summary judgment. The court in no way implies that defendants do not dispute the plaintiff's allegations, only that the truth of the plaintiff's allegations and averments are accepted for purposes of defendant's motion for summary judgment.

# 87, p. 1; Chun Deposition, pp. 10; 30–34). Dr. Chun also had patients other than those he saw at Deer Island. (Docket Entry # 81, Exhibit B; # 87, pp. 2–3; Chun Deposition, p. 10). Further, although Dr. Chun was paid on a bi-weekly basis, no taxes were withheld from Dr. Chun's paycheck, and he did not receive health or pension benefits. (Docket Entry # 87, p. 3; Chun Deposition, pp. 15–18). He was also required to supply his own malpractice insurance. (Docket Entry # 81, Exhibit C; # 87, p. 3; Chun Deposition, pp. 18–21).

Dr. Chun was employed at Deer Island to provide routine physical examinations for new inmates and to provide infirmary services. (Answers to Interrogatories, # A.9; Chun Deposition, pp. 14–15; 41–42; 48–50). He was also responsible for first line medical aid and for the emergency cases that occurred while he was present at Deer Island and for the provision of basic follow-up of a patient's case if necessary as well as some administrative duties. (*Id*).

Dr. Chun saw Mr. Maguire on approximately eight occasions between January 4, 1985, and March 28, 1985. (Chun Deposition).

On January 7, 1985, Dr. Chun examined Mr. Maguire for the purposes of a new inmate routine physical and determined that he was extremely obese, had a history of high blood pressure, used a cane, and suffered from arthritis and back pain. (Docket Entry # 87, p. 2; Chun Deposition, pp. 50; 54–55). Dr. Chun further noted trunkle obesity, calcification of the left shoulder and several other findings. (Chun Deposition, pp. 65–66). Dr. Chun ordered that Maguire continue to take hydrochlorothorizide and Motrin but that he discontinue use of Indocin, and further that Mr. Maguire be sent to Boston City Hospital "For [a] baseline EKG, cardiac history." (Docket Entry # 87; Chun Deposition, pp. 52, 71, 88, 94–95). An EKG was taken at Boston City Hospital on January 7, 1985, which Dr. Chun determined indicated a "left axis deviation" (LAD), and a computer interpretation of the EKG indicated the necessity to consider the possibility of a prior heart attack along with several other possible problems. (Docket Entry # 87, p. 2–3; Chun Deposition, pp. 103–105, 113, 133; 142). Dr. Chun, however, concluded, on the basis of the EKG, that Mr. Maguire had not suffered a prior heart attack and did not suffer from heart disease. (Chun Deposition, pp. 113, 120–21; 142). Dr. Chun also reviewed additional blood tests that were performed on Mr. Maguire. (Chun Deposition, pp. 133–36). Dr. Chun then concluded that Mr. Maguire's problem was that he was overweight, and no treatment plan was formulated as a result of the January 7, 1985 EKG. (Docket Entry # 87, p. 3; Chun Deposition, pp. 66–67). Dr. Chun did, however, fill out a report indicating that Mr. Maguire's physical activity was to be limited due to his use of a cane and pain in his ankle. (Docket Entry # 87, p. 3; Chun Deposition, p. 205). Dr. Chun did not inform the prison officials of the limitation. (Chun Deposition, p. 205).

Dr. Chun saw Mr. Maguire in the infirmary on January 11, 1985, for complaints of left ear pain. (Chun Deposition, pp. 150–52).

Dr. Chun saw Mr. Maguire again on January 14, 1985, for complaints regarding his left ear, and he prescribed ear drops and told Mr. Maguire to return in one week. (Chun Deposition, p. 153).

Dr. Chun again examined Mr. Maguire on January 25, 1985, this time for complaints of "breathing difficulty after locking up," the result of which Dr. Chun determined to be normal and no follow-up was ordered. (Docket Entry # 87, p. 3; Chun Deposition, pp. 154; 156–57; 209).

Mr. Maguire was sent to Winthrop Hospital on January 29, 1985 for a second EKG and other tests. (¶ 3, Amended Complaint). Although Dr. Chun was not present at Deer Island on that day, he reviewed the hospital report which indicated that Maguire had complained of chest pain and hyperventilation, and further stated "no abnormality, COPD".[4] Dr. Chun was aware

---

4. "COPD" is defined as chronic obstructive pulmonary disease and is chronic bronchitis or emphysema. The hospital record stated: "Physical examination: Markedly obese, white male.

that a prior heart attack is an indicator of heart disease, but he formed no conclusions on the basis of the hospital report, and he did not order any further tests or monitoring of Mr. Maguire. (Docket Entry # 87, pp. 3–4; Chun Deposition, pp. 161–68; 170). Dr. Chun also did not order Mr. Maguire to undergo any further diagnostic procedures. (Docket Entry # 87, p. 4; Chun Deposition, pp. 168; 170).

An affidavit filed by Dr. Deeb Salem, the chief of the cardiology division at Tufts–New England Medical Center, indicates that Dr. Chun's failure to order further diagnostic tests "to determine whether Mr. Maguire was suffering from heart disease was a departure from good medical practice." (Docket Entry # 87, pp. 4–5; # 89, Letter Affidavit of Dr. Deeb Salem, May 16, 1988, pp. 2–3).

Dr. Chun saw Mr. Maguire in the Deer Island infirmary for complaints of right side pain on February 14, 1985. (Chun Deposition, p. 182).

Mr. Maguire was again examined by Dr. Chun on March 6, 1985, for complaints of pain in the lower right extremity. (Chun Deposition, p. 185).

Dr. Chun examined Maguire on March 21, 1985, for complaints of tenderness on the left neck, thigh and ankle. (Chun Deposition, p. 191). At that time, Dr. Chun reevaluated Maguire's medication and determined that he should continue taking the same medication. (Chun Deposition, pp. 189–91; 194).

Mr. Maguire was seen by Dr. Chun the final time in the infirmary on March 28, 1985, for complaints of pain in his left leg. (Chun Deposition, pp. 196–7). Dr. Chun saw Mr. Maguire approximately five additional times after March 28, 1985, outside of the infirmary. (Chun Deposition, pp. 198–99).

Mr. Maguire had no infirmary visits between March 28, 1985, and June 30, 1985, when Dr. Chun left his position at Deer Island at the termination of his contract. (Chun Deposition, pp. 197; 200).

Arthur Maguire died of a heart attack on September 30, 1985. (¶ 21, Amended Complaint).

### Discussion

Summary judgment is permissible when "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Fed.R. Civ.P. 56(c). The entire record must be viewed in the light most favorable to the party opposing summary judgment with all reasonable inferences drawn in that party's favor. *Mack v. Great Atlantic and Pacific Tea Company,* 871 F.2d 179, 181 (1st Cir.1989).

Relying on documents and pleadings as well as substantive law, Dr. Chun argues that Lynsky's claim under 42 U.S.C. § 1983 fails, because there is no evidence that Dr. Chun was deliberately indifferent to the serious medical needs of Mr. Maguire. Dr. Chun contends that in order to state a cause of action under § 1983, plaintiff must demonstrate deliberate indifference to serious medical needs. (Docket Entry # 78, p. 3). In addition, Dr. Chun argues that plaintiff's cause of action under Massachusetts General Laws Chapter 12, Section 11I fails for two reasons: (1) plaintiff is unable to substantiate a claim under 42 U.S.C. § 1983 and (2) plaintiff is unable to demonstrate "threats, intimidation, and coercion," necessary elements of a claim under Mass.Gen.L. Ch. 12, § 11I.[5] Dr. Chun also submits that plaintiff's cause of action against Dr. Chun for gross negligence fails, because there is no evidence to support the allegation that Dr. Chun was grossly negligent, and further, because as a public employee, Dr. Chun is immune to suit for negligence for torts committed in his capacity as an employee of the city of Boston. (Docket Entry # 78, p. 11).

---

Lungs clear, heart irregular rhythm without RMG." (Chun Deposition, p. 164).

**5.** Plaintiff concedes that she has no claim under Mass.Gen.Laws, Ch. 12, § 11I. (Docket Entry

# 90, p. 1). This order, therefore, need not address the merits of Dr. Chun's argument on that issue.

### A. *42 U.S.C. § 1983.*

■ The basis of the plaintiff's § 1983 [6] complaint is that the defendant, Dr. Chun, exhibited deliberate indifference to Mr. Maguire's serious medical needs in violation of the eighth and fourteenth amendments.[7]

The United States Supreme Court held, in *Estelle v. Gamble,*[8] "that deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' ... proscribed by the Eighth Amendment ... Regardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." *Id.* at 104–05 (citations omitted). The Supreme Court continued, however, by stating, "This conclusion does not mean ... that every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." *Id.* at 105.

Further, although medical care must, as a fundamental notion of fairness and due process, be provided to prisoners, courts generally will not engage in second guessing the adequacy of medical care provided in every case. *Vinzant v. Layne,* 657 F.2d 468, 474 (1st Cir.1980) (citations omitted); *see Scharfenberger v. Wingo,* 542 F.2d 328, 331 (6th Cir.1976).

The plaintiff cites *Vinzant v. Layne, supra,* in support of its position. The court recognized, in *Vinzant* the possibility that treatment may, in the proper circumstances, be characterized as "so clearly inadequate as to amount to a refusal to provide essential care." *Vinzant v. Layne,* 657 F.2d at 474 (citations omitted). Plaintiff failed to mention in her argument, however, that the court in *Vinzant* did not find

that the course of treatment in question in that case, which involved charges that the prisoner did not receive the treatment necessary to combat his illness and of incorrect diagnosis, was sufficient to find deliberate indifference on the part of the physician. *See id.* (delineating treatment received and court's conclusion).

The court in *Westlake v. Lucas,* 537 F.2d 857 (6th Cir.1976) stated, "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state law." *Id.* at 860, n. 5; *see Vinzant v. Layne,* 657 F.2d at 474 (quoting *Westlake* ).

In addition, *Miranda v. Munoz,* 770 F.2d 255 (1st Cir.1985), cited by the plaintiff in support of its opposition to the defendant's motion, is not factually persuasive in this case. The prisoner in *Miranda* was known to be an epileptic, and he suffered several seizures during the course of treatment by the defending physician. The court in *Miranda* relied on the occurrence of the first seizure during the prisoner's incarceration in concluding that a jury may reasonably find the failure of the jail doctor to do anything to determine the precise cause of the seizure or to prevent future seizures amounted to deliberate indifference on the part of the jail doctor. *Id.* at 259. The facts of this case can be distinguished from those in *Miranda.* Contrary to the prisoner in *Miranda,* Mr. Maguire did not suffer any type of a heart attack or heart failure during his incarceration which would have indisputably alerted the defendant to the need to protect against the future occurrences of such cardiac incidents.

---

**6.** 42 U.S.C. § 1983 provides, in pertinent part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State ... subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.
42 U.S.C. § 1983.

**7.** The eighth amendment provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII; *see Robinson v. California,* 370 U.S. 660, 82 S.Ct. 1417, 8 L.Ed.2d 758 (1962) (discussing application of eighth amendment to states).

**8.** 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), *on remand,* 554 F.2d 653 (5th Cir.), *rehearing denied,* 429 U.S. 1066, 97 S.Ct. 798, 50 L.Ed.2d 785 (1977).

Maguire was seen by Dr. Chun on at least eight occasions during the three month period in question. He was also seen by other hospital medical personnel, on at least one occasion at the direction of Dr. Chun, and on another occasion when Dr. Chun was unavailable. Dr. Chun reviewed the medical reports of those additional examinations and tests and drew conclusions accordingly. Mr. Maguire was treated for: high blood pressure; obesity; complaints of left ear pain; "breathing difficulty after locking up;" side pain, pain in the lower right extremity; tenderness in the left neck, thigh and ankle; and pain in the left leg. Dr. Chun treated Mr. Maguire for each of these complaints and was aware of Maguire's history of high blood pressure and obesity, but did not make a determination that Mr. Maguire suffered a prior heart attack or heart disease. Plaintiff contends that Dr. Chun's knowledge of Mr. Maguire's prior medical history and indications contained in the first EKG and the report from Winthrop Hospital should have alerted Dr. Chun that consideration of a prior heart attack and several risk factors for heart disease was necessary. (Docket Entry # 90, p. 8). Plaintiff asserts that the treatment provided by Dr. Chun was inadequate as evidenced by the complaints of hyperventilation and chest pain that resulted in Mr. Maguire's examination at Winthrop Hospital. (*Id.*). Plaintiff further claims that the above facts coupled with the failure to order further testing, which could have established the existence or absence of heart disease, and to monitor Mr. Maguire demonstrate a material issue of fact as to whether the care provided to Maguire by Dr. Chun was deliberately indifferent to Maguire's serious medical needs and in contravention of his civil rights. (*Id.* at 9).

While "[t]he failure of Dr. Chun during this time to order follow-up diagnostic work to determine whether Mr. Maguire was suffering from heart disease [may have been] ... a departure from good medical practice," [9], it does not amount to cruel and unusual punishment or a viola-

tion of due process. *See Estelle v. Gamble*, 429 U.S. at 106, 97 S.Ct. at 292 (malpractice not constitutional violation merely because victim is a prisoner); *Smart v. Villar*, 547 F.2d 112, 114 (10th Cir.1976) (dispute over treatment procedure and diagnosis is not "deliberate indifference"); *Scharfenberger v. Wingo*, 542 F.2d at 331 (discussing denial of needed medical attention as violation of due process). At most, it is medical malpractice.

Accordingly, this court recommends that the motion of the defendant Dr. Chun for summary judgment as to claims of violation of 42 U.S.C. § 1983 be ALLOWED.

B. *Gross Negligence.*

1. Degree of Culpability

Plaintiff's complaint also asserts claims against the defendant, Dr. Chun, for gross negligence. The defendant argues, in support of its motion for summary judgment, that there is no evidence of any conduct of Dr. Chun that amounts to gross negligence. (Docket Entry # 78, p. 11).

Because the claims of gross negligence are state law claims and this cause of action accrued in Massachusetts, this court will apply Massachusetts' law to the consideration of this issue. Gross negligence is defined in *Altman v. Aronson*, 231 Mass. 588, 121 N.E. 505 (1919) as:

substantially and appreciably higher in magnitude than ordinary negligence. It is materially more want of care than constitutes simple inadvertence. It is an act or omission respecting legal duty of an aggravated character as distinguished from a mere failure to exercise ordinary care. It is very great negligence, or the absence of slight diligence, or the want of even scant care. It amounts to indifference to present legal duty and to utter forgetfulness of legal obligations so far as other persons may be affected ... The element of culpability which characterizes all negligence is in gross negligence magnified to a high degree as compared with that present in ordinary negligence. Gross negligence is a manifestly

9. (Docket Entry # 89, p. 2, Letter Affidavit of Dr. Deeb Salem).

smaller amount of watchfulness and circumspection than the circumstances require of a person of ordinary prudence. *Id.* at 591–92, 121 N.E. at 506.

In addition, gross negligence falls short of "deliberate indifference." *McNamara v. Honeyman*, 406 Mass. 43, 53, 546 N.E.2d 139, 145 (1989) (citation omitted). Although this Court has concluded that the facts of this case do not substantiate a claim of "deliberate indifference," the same conclusion cannot be made with respect to the plaintiff's claim of gross negligence. Because it cannot be said that no rational view of the facts will support a finding of gross negligence, the question of the level of the culpability of the defendant should be reserved for the jury to determine. *See Zezuski v. Jenny Manufacturing Co.*, 363 Mass. 324, 327–328, 293 N.E.2d 875, 878 (1973) (question of negligence is for jury unless no rational view of facts warrants finding that defendant negligent).

### 2. Status of Defendant

The defendant Dr. Chun also asserts the qualified immunity from suit granted to him by virtue of his status as a public employee in support of his motion for summary judgment with respect to the claims of gross negligence. (Docket Entry # 78, p. 12). The plaintiff disputes Dr. Chun's argument by pointing to the complaint which asserts that Dr. Chun was not an employee of the City of Boston in his capacity at the correctional institution, but rather, an independent contractor. As discussed above, this court has allowed plaintiff's motion to amend the complaint to reflect that change in the allegations.

This court further agrees with the plaintiff's argument that in order to determine the immunity of Dr. Chun from this claim, it must determine the status of Dr. Chun as an independent contractor or a public employee. "A city or an agency of a city is a public employer if it 'exercises direction and control over the public employee.'" *Williams v. Bresnahan*, 27 Mass.App.Ct. 191, 192, 536 N.E.2d 365, 366 (1989).

The defendant, Dr. Chun, as the moving party, has the burden of establishing that there is no genuine issue as to any material fact and that he is entitled to summary judgment as a matter of law. *Id.* (citations omitted). In the instant case, Dr. Chun has failed to meet that burden with respect to his claim that he was a public employee: (1) Dr. Chun's decisions regarding the care and treatment of patients were unsupervised; (2) Dr. Chun was free to set his own hours provided that he worked twenty hours a week; (3) no taxes were withheld from Dr. Chun's paycheck; (4) he did not receive health or pension benefits; (5) Dr. Chun supplied his own malpractice insurance; and (6) he also had patients other than those at Deer Island. Based on the above facts, it cannot be indisputably said that the defendant was subject to the direction and control of the city of Boston in his capacity as a physician at Deer Island. In addition, the question of the status of a person as a public employee or an independent contractor is ordinarily reserved for the jury as a question of fact. *Davis v. DelRosso*, 371 Mass. 768, 771, 359 N.E.2d, 313, 315 (1977).

In accordance with the above discussion, this court recommends that the defendant's motion for summary judgment with respect to claims of gross negligence be DENIED.

### III. Conclusion

Plaintiff's Motion to Amend Complaint (Docket Entry # 86) is ALLOWED as specified above. This court further recommends [10] that defendant Dr. Chun's motion for Summary Judgment (Docket Entry # 77S) be ALLOWED with respect to plaintiff's claims: under Mass.Gen.Laws, Ch. 12, § 11I, as plaintiff has conceded that

---

**10.** Any objections to this Report and Recommendation must be filed with the Clerk of Court within ten days of receipt of the Report and Recommendation and must identify the portion of the Report and Recommendation to which objection is made and the basis for such objection. Any party may respond to another party's objections within ten days after service of the objections. Failure to file objections within the specified time waives the right to appeal the district court's order. *United States v. Escoboza Vega*, 678 F.2d 376, 378–79 (1st Cir.1982); *United States v. Valencia–Copete*, 792 F.2d 4, 6 (1st Cir.1986).

claim; and for violation of 42 U.S.C. § 1983 on the grounds that the facts cannot support a showing of "deliberate indifference;" and DENIED with respect to the claims of gross negligence on the ground that material issues of fact remain in dispute regarding that claim.

## AMENDED ORDER

DAVID S. NELSON, District Judge.

This Court now amends its order dated November 26, 1990, and hereby ADOPTS the REPORT AND RECOMMENDATION RE: MOTION OF DEFENDANT, DAE YUNG CHUN, M.D., FOR SUMMARY JUDGMENT AND FOR ENTRY OF FINAL JUDGMENT AS TO COUNTS X AND XI OF AMENDED COMPLAINT AND PLAINTIFF'S MOTION TO AMEND COMPLAINT dated September 26, 1990.

SO ORDERED.