Sikora, J.
DECISION
Ruling
After careful consideration of defendant Berzansky’s Motion for Summary Judgment, its supporting Memorandum of Law, and its supporting factual materials; and of the plaintiffs’ Opposition, Memorandum of Law, and factual materials, I deny the motion for summary judgment for the following reasons.
Reasoning
1. The character of the employment of a physician participating in a residency program of a state or municipal medical institution has. presented a repeated and close question of both law and fact in summary judgment decisions applying the standard of liability under the Massachusetts Tort Claims Act, G.L.c. 258, §2. As here, if the defendant physician is an employee of the state, municipal, or public hospital or medical institution, the plaintiffs exclusive right and remedy will lie against the governmental or public employer; and the individual physician will be immune from financial liability. Conversely, if the physician is not an employee of the public institution, he or she may be personally liable for damages.
2. The critical, decisive criterion is whether the public employer is exercising direction and control over the physician at the time of the alleged malpractice; or whether another, private medical employer is exercising actual direction and control over the resident physician at the moment of the alleged malpractice. See especially Kelley v. Rossi, 395 Mass. 659, 661 (authorities collected); Smith v. Steinberg, 395 Mass. *156 666, 669 (1985); and Williams v. Bresnahan, 27 Mass.App.Ct. 191, 192-93 (1989).
3. The issue of direction and control at the moment of the alleged malpractice tends to be extremely circumstantial and seldom indisputable in the reported cases. See Kelley at 662-65; and Smith at 668-69. Occasionally the circumstances will align straightforwardly so that no doubt exists that the resident physician was acting under the direction and control of the public employer. In the Williams case, the defendant house officers or residents were acting at their home public institution of the Boston City Hospital; and, while factual material indicated that a private attending physician had authority to supervise them at that site, no factual material indicated that the private supervisor had done so at the time of the alleged malpractice. Consequently, direction and control had remained indisputably with the public employer. No probative materials presented an issue of competing or alternate non-private direction and control. Id. at 192-93.
4. In the present case, two circumstances do create a visible material issue of fact under the rule of direction and control. They push this case out of the orbit of Williams, and at least part way toward the zone of Kelley and Smith. First, at the time of the procedure in question, Dr. Berzansky was rotating through, and working at, the private Burbank Hospital, and not at the facility of the University of Massachusetts Medical Center. Second, he was working under the immediate supervision of a private physician, the co-defendant Dr. Kenneth Janes, at the time of the alleged malpractice.
5. While multiple other circumstances favor a characterization of public employee status on the part of Dr. Berzansky at the time in question, these two circumstances prevent the entry of summary judgment at this time. In particular, I have considered the circumstance that the University of Massachusetts and Burbank Hospital had an agreement that Dr. Berzansky would act as an agent of the University and not as an employee of Burbank Hospital. That agreement could serve to allocate rights and duties between the University and Burbank; however, it would not necessarily or conclusively determine the duties of Dr. Berzansky to patients at the Burbank Hospital as parties outside the privity of the agreement.
6. For present purposes, of course, I am bound to read all factual materials in the light most favorable to the party resisting summary judgment. See Kelley v. Rossi, 395 Mass. 659, 661 (1985); Correlas v. Vivieros, 410 Mass. 314, 316-17 (1991); and Hub Associates v. Goode, 357 Mass. 449, 451 n.19 (1970), citing United States v. Diebold Inc., 369 U.S. 654, 655 (1961).
7. This ruling does not bar Dr. Berzansky from renewing his present arguments to the eventual trial judge by means of pre-trial or trial motions.