Sikora, J.
DECISION
Ruling
I have examined carefully the motion of the defendant Lynda Roman, M.D., for summary judgment, her supporting memorandum of law and her supporting probative factual materials; and the plaintiffs’ opposition, their supporting memorandum of law and their factual materials. In addition, I have benefit of extensive oral argument from both sides.
For the following reasons, I presently deny Dr. Roman’s motion for summary judgment. For the reasons indicated below, I deny it without prejudice to renewal at the conclusion of all pre-trial discovery.
Reasoning
1. Dr. Roman moves for summary judgment upon two grounds; (1) that the results of discovery show no causal connection between her actions as a resident in the neonatal unit of the defendant Medical Center of Central Massachusetts Memorial (hereafter Memorial or the hospital); and (2) that at all times relevant to the treatment of the plaintiff Margaret Ziehl, Dr. Roman was a public employee as a resident of the University of Massachusetts Medical Center program rotating through a period of training and service at the defendant Memorial hospital so as to possess personal damages immunity under the Massachusetts Tort *157 Claims Act, G.L.c. 258, §2, and so as to render the University exclusively liable as her public employer.
2. In review of the factual materials, I am obliged to inspect all probative information in the light most favorable to the party opposing summary judgment. See Kelley v. Rossi, 395 Mass. 659, 661 (1985).
3. In that light, issues of material fact linger over both grounds asserted by Dr. Roman for summary judgment at this time.
(a) In their First Amended Complaint, the plaintiffs allege, in Paragraphs 6c and d, that the defendants failed properly to place and to adjust an endotracheal tube in the infant Margaret. Hospital records indicate that, on the day of birth, October 10, 1984, Dr. Roman may have written an order directing the adjustment of the endotracheal tube. For the present, at least, this information presents a question of material fact.
(b) As a matter of law, the decisive criterion for Dr. Roman’s employment status at the time of her participation in the treatment of the infant Margaret Ziehl in the neonatal intensive care unit at Memorial during the days after birth will be the source of the direction and control of her work. If superiors in the University of Massachusetts program exercised direction and control over her performance at that time, she will have had the character of an immune public employee. If, alternatively, those supervisors did not in fact exercise such direction and control, and if supervisors of the Memorial hospital did so, Dr. Ziehl may have had the character of a private actor or borrowed private servant of the Memorial institution so as to be subject to personal monetary liability. See Kelley v. Rossi, 395 Mass. 659, 661-663 (1985); Smith v. Steinberg, 395 Mass. 666, 669 (1985); and Williams v. Bresnahan, 27 Mass.App.Ct. 191, 192-93 (1989). Direction and control are intensely factual and circumstantial determinations. In the discovery to date, that issue remains somewhat open. In particular, Dr. Roman performed her services at the site of the Memorial hospital and not at the University of Massachusetts facility. Also, while she was ultimately accountable to two program supervisors at the University, it is unclear whether they physically supervised her at Memorial, or whether Memorial neonatology officers or private attending physicians directed her work there.
4. Counsel for both sides have informed the court that this case requires, and will receive, an additional phase of discovery; and that such discovery may resolve these open factual issues concerning Dr. Roman, and that developing facts may even result in the substitution of other physicians or health care personnel defendants for her.
5. In these total circumstances, the appropriate course is to deny summary judgment at this time; to permit discovery to proceed to completion; and to permit Dr. Roman to renew the motion at the close of discovery in its entirety.