Ricciardone, David, J.
This matter came before the court for hearing on defendant John B. Latimer’s motion for summary judgment and entry of separate and final judgment.
The defendant argues that under the circumstances of this case, there is no genuine issue of fact but that he is a public employee subject to the protections of the Mass. Tort Claims Act (G.L.c. 258, §2). The plaintiff and co-defendant Octavio Diaz, M.D. contend that the ultimate issue of direction and control over the resident doctor in the private hospital by a nonpublic employer/employee attending physician, which is determinative of his status, is for the jury to decide.
After hearing and review of the parties’ submissions and relevant case law, this court is persuaded by the reasoning of Justice Fecteau in a similar factual scenario in Martinez v. UMass Memorial Healthcare, Inc., 2006 WL 1646154 (Mass.Super. 2006) [21 Mass. L. Rptr. 103], citing Kelly v. Rossi, 395 Mass. 659, 665 (1985), in which the determination whether a UMass resident was a servant of a private hospital was found *78 to be a question of fact for the jury. I do not find the facts of Williams v. Bresnahan, 27 Mass.App.Ct. 191 (1989), to control here, since that case involved public employees (residents) supervised by a nonpublic employer/employee attending physician in a public hospital. “[A] resident, has duties and obligations at a hospital that demonstrate that he or she is a servant. The general rule is that a resident is a servant of the hospital.” Kelly, supra at 663. Likewise, I am not persuaded that Dias v. Brigham Medical Associates, Inc., 438 Mass. 317 (2002), applies since that case dealt with a common-law analysis of respondeat superior and not whether a physician was a public employee. Id. at 321 (distinguishing Kelly v. Rossi, supra).
ORDER
For the above reasons, the motion for summary judgment is DENIED.