Hub Associates, Inc. *vs.* Sidney G. Goode & others.[1]

Suffolk. March 3, 1970. — May 5, 1970.

Present: Wilkins, C.J., Spalding, Kirk, Reardon, & Quirico, JJ.

*Practice, Civil,* Summary judgment.

Upon a reservation and report of an action by a judge of the Superior
Court on the ground that "the question of law raised is a novel one . . .
and . . . so affects the merits of the controversy that it should be
decided" prior to trial, this court could not say that the issues pre-
sented were solely questions of law, and in the circumstances declined
to dispose of them. [450–451]
In an action of contract for architectural and engineering services ren-
dered, in which the defendants set up in the answer a defence of
illegality of the contract therefor and moved for summary judgment
under G. L. c. 231, § 59, the motion should not be allowed where the
record did not affirmatively show that there was no real issue of fact.
[451–452]

Two ACTIONS OF CONTRACT. Writs in the Superior Court
dated September 8, 1967.

The actions were reported by *Brogna, J.,* without de-
cision.

*John J. Murphy* for the plaintiff.

*Robert F. Sylvia (Arnold M. Zaff* with him) for the de-
fendants.

Wilkins, C.J. These are two actions of contract in
which the plaintiff seeks to recover for architectural and
engineering services rendered for the defendants. In case
numbered 14,438, the services were in connection with the
construction of a shopping center in Leominster in this
Commonwealth. In case numbered 14,439, the services
were in connection with the proposed construction of a
warehouse in West Haven, Connecticut. The declarations
were on accounts annexed for $182,231.94 and $25,965.77,

[1] James M. Cazanas, Phil David Fine; and Sidney G. Goode, James M.
Cazanas, and Phil David Fine, doing business as Whiteacre Associates.

respectively, with interest.   Amended answers set up a defence of illegality in that each contract violates G. L. c. 112, §§ 60K, 60L, cl. 8 (both as inserted by St. 1957, c. 679, § 3).[1]

The defendants contend that the contracts are illegal on the basis of the pleadings, the plaintiff's answers to interrogatories, and the plaintiff's replies to the notices to admit facts.   G. L. c. 231, § 69.   The trial judge reserved and reported the cases on the defendants' motions for summary judgment under G. L. c. 231, § 59.

The trial judge gave as his reason for reporting the cases on June 3, 1969, that "the question of law raised is a novel one in this jurisdiction and . . . it so affects the merits of the controversy that it should be decided prior to requiring the parties to undertake the expense of what will obviously be a long and expensive trial on the merits."

The defendants' purpose is wholly to defeat the plaintiff's claims for compensation and to obtain windfalls of $182,231.94 and $25,965.77, plus interest.   Forfeiture should not be awarded summarily upon sketchy information. The records in the two cases should contain evidence

---

[1] General Laws c. 112, § 60K, "No person shall, directly or indirectly, engage in the practice of architecture in this commonwealth, except as hereinafter set forth in section sixty L, or use the title 'architect', 'registered architect', 'architectural designer', or display or use any words, letters, figures, title, sign, card, advertisement or other device to indicate that such person offers to engage or engages in the practice of architecture unless he is registered under the provisions of sections sixty A to sixty O, inclusive. . . ." General Laws c. 112, § 60L, "Nothing in sections sixty A to sixty M, inclusive, shall be construed to prevent . . . 8. A partnership or corporation from entering into agreements to perform or holding itself out as able to perform any of the services involved in the practice of architecture; provided, that any agreement to perform such services shall be executed on behalf of the partnership or corporation by the partner or partners or by the officer or officers who shall be the registered architect or registered architects exercising professional and supervisory control over the particular services contracted for by the partnership or corporation, and provided, further, that any . . . corporation holding itself out as of January first, nineteen hundred and fifty-seven, as able to perform any of the services involved in the practice of architecture and having a place of business in the commonwealth as of that date, and of which a majority of . . . the officers of such corporation are registered architects or registered engineers and of which at least one of such . . . officers is a registered architect, may, until January first, nineteen hundred and seventy-seven, execute any such agreement by . . . any duly authorized officer of such corporation whether such duly authorized . . . officer is, or is not a registered architect or a registered engineer, provided that a registered architect who is . . . such an officer shall exercise professional and supervisory control over the particular services contracted for by the . . . corporation."

adequate to enable proper decisions to be made. We cannot be sure that the issues as now presented are solely questions of law. The services were not exclusively architectural; they included engineering and probably other nonarchitectural services which should be fully developed in the respective records, which do not contain the complete account of the services performed, or of who performed them on behalf of the plaintiff, or for what the defendants did, and did not, make payment.

We should not try to make final disposition of the cases in these circumstances. As was said by Chief Justice Rugg in *Gordon* v. *American Tankers Corp.* 286 Mass. 349, 353, "It is not the function of this court to pass upon the credibility of witnesses or the weight of the evidence, much less to make our own decision of facts."

There is an added difficulty which is insuperable because of the presentation of the facts to us for action on the motions for summary judgment. In order to be entitled to summary judgment, the moving party must affirmatively show that there is no real issue of fact. For the procedure under the Federal rules see *Empire Electronics Co. Inc.* v. *United States*, 311 F. 2d 175 (2d Cir.); *American Manufacturers Mut. Ins. Co.* v. *American Bdcst.-Paramount Theatres, Inc.* 388 F. 2d 272, 278 et seq. (2d Cir.).

We fully approve the rules of the Supreme Court of the United States as stated in *United States* v. *Diebold, Inc.* 369 U. S. 654, 655: "On summary judgment the inferences to be drawn from the underlying facts contained in such materials must be viewed in the light most favorable to the party opposing the motion." Here there is a very definite issue as to whether the actions are brought on oral or written contracts. This is not an issue to impose on an appellate court on the two records of the cases at bar.

From the notices to admit facts it appears that Reddoch, who is not a registered architect, did not exercise professional and supervisory control over the architectural services called for by the contracts, but inferentially he did supervise the other services. It does not appear who did exercise such

control over the architectural services or whether that individual is a registered architect.

There are other shortcomings in the record based upon analysis of the proviso in G. L. c. 112, § 60L, cl. 8. It does not appear that a majority of the officers are registered architects or registered engineers, or that one officer is a registered architect, or that an officer who is a registered architect exercised professional or supervisory control over the services contracted for.

"While this matter has already been pending for an inordinate amount of time, we cannot grant or withhold summary judgment merely because it would save time or expense." *American Manufacturers Mut. Ins. Co.* v. *American Bdcst.-Paramount Theatres, Inc.* 388 F. 2d 272, 285 (2d Cir.).

The cases are remanded to the Superior Court for further proceedings in accordance with this opinion.

*So ordered.*