LoConto, J.
This is an action in tort for defamation wherein the plaintiff seeks to recover damages against the defendant Jack Howley for slander (Count I), the defendant Nanlo, Inc. (Count II) for libel and the defendantTom Mudd (Count HI) for libel. The plaintiff is aggrieved by the trial judge’s allowance of the defendants’ motions for summary judgment. In making his decision, the trial court judge relied upon the pleadings, deposition excerpts, answers to interrogatories, admissions, affidavits, and various exhibits. In granting the defendants’ motions, the trial judge made findings.[2]
A fair summary of the relevant facts set forth in the above mentioned materials is as follows. In 1988, the defendant Howley, as town manager, was responsible for filling the expected vacancy in the position of Chief of Police of Southbridge. Howley’s appointment was subject to confirmation by the town council. Howley set up an interview panel in order to assist him in conducting interviews of eligible candidates. This panel was nota requirement of any law, regulation or statute. The panel consisted *52 of Massachusetts State Police Major John J. Hanlon, Jr., and the chiefs of police of Fitchburg and Stoneham. The plaintiff was one of three who was deemed eligible to be considered from the Civil Service Commission list. On Wednesday, June 28, 1989, the plaintiff and the two other individuals were interviewed by the panel at the Massachusetts State Police barracks, at Framingham. Each candidate responded orally to eleven questions developed by Howley. In addition, they were required to respond in writing to one two-part question. Thereafter, the three interviewers graded the responses.
Sometime in July, atan informal, unscheduled meeting with a group of four or five town councilors, Howley made a statement to the effect that the plaintiff was “not panning out.” In addition he suggested that as a result of the interview process, “there is no ball of fire out there.” Howley further stated that Hanlon questioned how John attained even the rank of sergeant and that he [Hanlon] said that John already had advanced to his capacity and perhaps beyond it. It is undisputed that Hanlon did not make this specific comment to Howley.
Sometime before July 20, 1989, the defendant, Mudd, a reporter for a newspaper named the Southbridge News and owned and published by the defendant, Nanlo, Inc., had a conversation with Scott Lazo and Michael Choquet, two of the four or five counselors present at the above-mentioned informal, unscheduled meeting. In addition, Mudd met with Howley and with members of the editorial staff of the newspaper. Mudd never spoke with any of the three members of the interview panel.
On or about July 20, 1989, an article appeared in the Southbridge News, written by the defendant Mudd containing comments attributed to Howley and not denied, that he said at the above-mentioned informal, unscheduled meeting with four or five town councilors that, as a result of the interview process, “Jolin is not panning out” and that “there is no ball of fire outthere.” Also contained in this article is the statement Howley made to some councilors that he attributed to Hanlon, but never made by Hanlon, that Hanlon questioned how “John attained even the rank of sergeant and that John already had advanced to his capacity and perhaps beyond it.”
The plaintiff asks us to review the allowance of the defendants’ motions pursuant to Rule 56(c) of the District/Municipal Courts Rules of Civil Procedure, which states in part that a motion for summary judgment shall be granted “if the pleadings, deposition, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” Further, under the rule, “[w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may notrestupon the mere allegations of denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.” Dist./Mun. Cts. R Civ. P., Rule 56 (e). The inferences to be drawn from the material before the court must be viewed in the light most favorable to the party opposing the motion. Hub Assoc. v. Goode, 357 Mass. 449, 451 (1970), quoting U.S. v. Diebold, Inc., 369 U.S. 654, 655 (1962).
Our Supreme Judicial Court has held that although a private person may recover compensation on proof of negligent publication of a defamatory falsehood, public officers orpublicfigures mustbeprotected by the New York Times Co.[3] standard. Stone v. Essex County Newspapers, Inc., 367 Mass. 849 (1975). That standard required the plaintiff to prove actual malice in order to recover for defamation. Actual malice requires a showing that the defamatory falsehood was published “with knowledge that it was false or with reckless disregard of whether it was false or not.” New York Times v. Sullivan, supra at 279-280. And the element of malice must be proved by clear and convincing evidence. Stone v. Essex County Newspapers, Inc., supra at 870.
*53 In Stone, our Court stated that whether a plaintiff is a public official or public figure is “for the court to answer whenever all of the facts bearing thereon are uncontested or agreed by the parties.” Stone v. Essex County Newspapers, Inc., supra at 862. Here, there is no disagreement of the essential facts that the plaintiff applied for the position of Chief of Police and that the process to appoint a new chief was of public concern. There is no dispute that the plaintiff voluntarily injected himself into this controversy in an attempt to influence its outcome and thereby caused himself to be a limited public figure. Lyons v. New Mass Media, Inc., 390 Mass. 51, 54-56, (1983).
“Actual malice is not necessarily proved in terms of ill will or hatred, but is proved rather by a showing that the defamatory falsehood was published with knowledge that it was false or reckless disregard of whether it was false.” Stone v. Essex County Newspapers. Inc., supra at 867. Further, in order to prove “reckless disregard” there must be “sufficient evidence to permit the conclusion that the defendant in fact entertained serious doubts as to the truth of his publication.” Id., quoting St. Armant v. Thompson, 390 U.S. 727, 731 (1968).
“Because the issue of actual malice involves a determination of state of mind, summary judgment will frequently be inappropriate in defamation cases. Hutchinson v. Proxmire, 443 U.S. 111, 120 n.9 (1979). However, the issue of actual malice “is not automatically a jury question.” Aarco, Inc. v. Baynes, 391 Mass. 560, 564 (1984). The plaintiff is entitled to a jury trial ifthere is some indication before the motion judgefrom which an inference of actual malice — knowing falsehood or reckless disregard of the truth — could be drawn.” Godbout v. Cousens, 396 Mass. 254, 258-259 (1985).
In addition, “[a]n employer has a conditional privilege to disclose defamatory information concerning an employee when the publication is reasonably necessary to serve the employer’s legitimate interest in the fitness of an employee to perform his or her job.” McCone v. New England Telephone and Telegraph Co., 393 Mass. 231, 235 (1984), quoting Bratt v. International Business Machines Corp., 392 Mass. 508, 509 (1984). The privilege can be lost through “unnecessary, unreasonable or excessive publication” on proof that the defendant acted “recklessly.” Bratt, supra at 515, 516. There is no showing that Howley’s statements resulted from an expressly malicious motive, were recklessly disseminated, or involved a reckless disregard for truth or falsity of information, Bratt, supra at 517.
With respect to the defendants Mudd and Nanlo Inc., the most that the plaintiff can show is that they had time to contact members of the interview panel before going to press and decided not to do so. “Simple negligence, want of sound judgment, or hasty action will not cause loss of the privilege.” Dexter’s Hearthside Restaurant, Inc. v. Whitehall Company, 24 Mass. App. Ct. 217, 223 (1987); see Retailers Commercial Agency, Inc., petitioner, 342 Mass. 515, 522 (1961). Recklessness is the minimum level of misconduct. Bratt, supra at 514.
The plaintiff will not be entitled to a trial simply because his claim against the defendants asserts a cause of action wherein state of mind is a material element. There must be some indication that he can produce the requisite quantum of evidence to enable him to reach the jury with his claim. Humphrey v. National Semiconductor Corp., 18 Mass. App. Ct. 132, 135 (1984), citing National Assn. of Govt. Employees, Inc. v. Central Bdcst. Corp., 379 Mass. 220, 231 (1979).
We have reviewed the material that was before the trial judge and conclude that viewed in the light most favorable to the plaintiff, the defendants are entitled to summary judgment in their favor.
Report dismissed.

 “[A] judge does not properly ‘make findings’ in connection with a summary judgment proceeding... but only declares as a matter of law the material facts that are established by the uncontroverted materials submitted in support of, or in opposition to, the motion.” MacLean v. Delinsky, 407 Mass. 869, 878 n.5 (1990).

 New York Times Co. v. Sullivan, 376 U.S. 254 (1964).