Cratsley, J.
*530 INTRODUCTION
Defendant has moved for summary judgment on all three counts brought by plaintiff arising out of defendant’s termination of plaintiffs employment in January 1990. Plaintiff alleges unlawful discrimination on the basis of age contrary to G.L.c. 151B, breach of an employment contract, and violation of the Massachusetts Equal Rights Act, G.L.c. 93, §103. On the basis of deposition testimony, affidavits, and accompanying documentation, this Court will grant summary judgment on the contract and equal rights claim, and will deny summary judgment on the G.L.c. 151B age discrimination claim, thereby allowing it to go forward to trial.
BACKGROUND
This action arises out of plaintiffs, Michael Tuccelli’s, termination from employment at defendant’s, Bull’s, Wellesley location on January 27, 1990. Plaintiff was a graphic artist in Bull’s Education Support East Department (Department). He had worked for Bull and its predecessor, Honeywell, Inc., since 1962. He was 53 years old at the time of his lay-off. Although the precise title of his position at termination is somewhat in dispute,[1] his work primarily involved making freehand visual aids to be used in lectures and demonstrations of Bull’s products. He was also responsible for scheduling projects for the department, supervising student interns, sending artwork between Wellesley and HN’s main office in Phoenix, and filing purchase orders.
At the time plaintiff was laid off, William Crouse, a 26-year-old graphic artist in the Department, was allowed to remain on staff. Plaintiff alleges that his termination coupled with Crouse’s continued employment constitutes unlawful age discrimination contrary to G.L.c. 15IB. Defendant claims that the plaintiffs lay-off was caused by economic necessity and, more particularly, that plaintiff was fired because his computer skills were inferior to Crouse’s. Specifically, defendant asserts that Crouse was proficient at several graphics programs on the Macintosh computer, while plaintiff, a good freehand artist, was more or less unskilled at the Macintosh.
Defendant claims Crouse was proficient in the Macintosh programs “MacDraw,” “Canvas,” “MacPaint,” “Pagemaker,” “MacDraw Pro,” “Adobe,” “Power Point,” “Cricket Graph,” “MacWrite,” “Super MacPaint,” “Mac-Link,” “Word,” “Pagemaker,” “WINGZ” and “LAN.” Defendant claims that plaintiff would turn to Crouse for training in these programs, and plaintiff admits asking Crouse for help on occasion, although he claims proficiency in “MacDraw” and “Canvas," and a good working knowledge of “MacPaint” and “Pagemaker.”[2] Defendant additionally alleges that plaintiff was prone to making errors in pressured work situations and specifically discusses one incident in which David Reilly, the Director of the Education Department, felt he had to directly supervise plaintiffs efforts to make slides for Reilly’s presentation to the company’s board.
Defendant claims more generally that graphic work done on the computer was much faster and more accurate, and that many individuals in the company were using their own Macintoshes for presentations rather than getting printed matter from the Department. The Department had been reduced from 6 employees in 1985-1986 to plaintiff and Crouse in 1989.
Plaintiff disputes the legitimacy of defendant’s reasons for terminating him. He claims that his position was not as reliant on computer skills as is claimed by defendant, but that 90% of the Department’s work still required freehand mechanical drawings. He claims that his immediate superior, Craig Vogel, had told him that as a Supervisor he did not need to learn Macintosh skills. Although he concedes that Crouse’s Macintosh skills were superior to his, he states that he was nevertheless the more skilled graphic artist and had a better work ethic and attendance record than Crouse. Finally, he states that in October 1989 David Reilly made a speech to a roomful of employees, including plaintiff, saying, “. . . the problem with this company is that the average age is over 40. The companies that are thriving have an average age of 30 or 35. The plan is to reduce the number of older employees so we can be more productive.”[3]
Plaintiff was terminated in January 1990 at the recommendation of Ralph Berntzen, a Director of the Education Department. Berntzen had been notified by Reilly that he needed to reduce the number of workers in the department. He alleges that he decided to cut the Graphics program because of its decreased use by the Education Department. He states that he chose plaintiff because of his lack of computer skills and his inaccuracy under pressure. Berntzen articulated these reasons in a “Special Consideration Review” given to employees slated for termination who fit into a statutory anti-discrimination class, and again in a January 11, 1990 memo to the Human Resources Department.
DISCUSSION
Under Mass.R.Civ.P. 56(c), summary judgment is appropriate “if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. The party moving for summary judgment assumes the burden of affirmatively demonstrating that there is no genuine issue of material fact on every relevant issue, even if he would have no burden on an issue if the case were to go to trial.” Leavitt v. Mizner, 404 Mass. 81, 88 (1989). While the standard is rigorous, and it requires that the court view the record in the light most favorable to the non-moving party, indulging that party with all inferences, Attorney General v. Bailey, 386 Mass. 367, 371 (1982), quoting Hub Associates v. *531 Goode, 357 Mass. 449, 451 (1970), in cases where the non-moving party has the burden of proof, the mov-ants can prevail by showing that the other party has “no reasonable expectation of proving an essential element of that party’s case.” Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). The party opposing summary judgment may not rest upon mere allegations, conclusory assertions, or speculation, but must set forth a minimum factual setting showing there is a genuine issue for trial. Madsen v. Erwin, 395 Mass. 715, 719 (1985). Affidavits or portions thereof made on belief, as opposed to personal knowledge, are to be disregarded in considering a motion for summary judgment. Id. at 721.
COUNT I: M.G.L.C. 151B AGE DISCRIMINATION
In the instant action, the above principles are supplemented by the shifting burdens of proof required in proving discrimination under G.L.c. 151B, §4.[4] The parties have “intermediate evidentiary burdens to meet.” McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973); Wheelock College v. Massachusetts Comm’n Against Discrimination, 371 Mass. 130, 136 (1976); See Radvilas v. Stop & Shop, Inc., 18 Mass.App.Ct. 431, 438-39 (1984). The plaintiff must first make out a prima facie case of age discrimination by showing that (1) he was at least 40 years of age, (2) he met his employer’s legitimate job performance expectations, (3) he experienced adverse employment action, and (4) the employer did not treat age neutrally or that younger persons were retained in the same position. LeBlanc v. Great American Insurance Company, 6 F.3d 836 (1st Cir. 1993); Schuler v. Polaroid Corp., 848 F.2d 276, 278 (1st Cir. 1988), quoting Holt v. Gamwell Corp., 797 F 2d. 36, 37-38 (1st Cir. 1986). Cf. Radvilas v. Stop and Shop, supra at 443.
Plaintiff in the present case meets his burden. He was 53 years old at the time of the events leading to his termination, for the purposes of this motion he was performing his job adequately,[5] he was terminated, and a 26-year-old worker in his department was retained.
The burden of production, but not proof, now shifts to the defendant to articulate a legitimate non-dis-criminatoiy reason for the discharge. St. Mary’s Honor Center v. Hicks, 1993 U.S. Lexis 4401 *9-10 (1993); Radvilas v. Stop and Shop, supra at 439; Trustees of Forbes Library v. Labor Relations Comm’n, 384 Mass. 559, 565-67 (1978); Schuler v. Polaroid Corp., supra at 278. The ultimate burden of proving discrimination remains with the plaintiff at all times. Wheelock College v. Massachusetts Comm’n Against Discrimination, supra at 138. Defendant more than meets its production burden in pointing to plaintiffs lack of computer skills and his alleged inability to create accurate, high-quality products under pressure as its reasons for terminating him. With the exception of two or three programs, plaintiffs unfamiliarity with Macintosh desktop publishing applications is uncontested, and defendants present evidence of an incident involving David Reilly and plaintiff in which plaintiff provided Reilly with presentation slides that had misspellings and unacceptable changes in font.
Since defendant has met its production burden, the plaintiff assumes the burden of showing “that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination.” Texas Department of Community Affairs v. Burdine, 450 U.S. at 253; St. Mary’s Honor Center, supra at *7-17.
For this Court the issue is whether plaintiff has sufficiently carried his burden to show defendant’s discriminatory intent so as to survive summary judgment. The most recent opinions interpreting St. Mary’s Honor Center in the context of summary judgment require a showing or production of evidence sufficient for a factfinder to reasonably conclude that defendant’s proffered reason was a pretext for unlawful discrimination. LeBlanc, supra at *21 (“In the context of a summary judgment proceeding, Hicks requires that, once the employer has advanced a legitimate, nondiscriminatory basis for its adverse employment decision, the plaintiff . . . must show evidence sufficient for the factfinder reasonably to conclude that the employer’s decision to discharge him or her was wrongfully based on age” (emphasis added)); Bodenheimer v. PPG Industries, Inc., 5 F.3d 955, 957 (5th Cir. 1993) (plaintiff must “produce sufficient evidence to establish that [defendant’s] reasons were pretexts for age discrimination” (emphasis added)). If plaintiff cannot sustain this burden of production, summary judgment will be granted to the other side. See Brunner v. Stone & Webster Engineering Corp., 413 Mass. 698, 705 (1992); McKenzie v. Brigham & Women’s Hospital, 405 Mass. 432, 437 (1989); Gregory v. Raytheon, 27 Mass.App. 1170 (1989).[6]
Plaintiff here has produced sufficient evidence to establish genuine issues of material fact as to whether defendant’s reasons for terminating him were pretexts for age discrimination. He contests the necessity of computer skills in his position. He alleges that he was told by Craig Vogel that, as a supervisor, he did not need to learn the Macintosh. He also alleges that 90% of the work in his department consisted of complex drawings that required graphic art skills rather than computer skills. While his 11/8/89 Performance Appraisal contains statements by both him and Craig Vogel concerning the need for him to become more proficient on the Macintosh, this was only two months before his termination, and reasonable jurors could find that the issue of his Macintosh proficiency had not arisen previously, and that two months was not enough time to become proficient.
Plaintiff also disputes defendant’s claim that he was inaccurate under pressure. Defendant can only cite one instance of such alleged inaccuracy, a night David *532 Reilly supervised plaintiffs final drafts of slides for a presentation.
In addition to showing issues of fact as to pretext, plaintiff has raised an incident which, if true, could be the proverbial “smoking gun” evidence of discriminatory intent. This is the evidence of David Reilly’s alleged comments of October 1989, “. . . the problem with this company is that the average age is over 40. The companies that are thriving have an average age of 30 or 35. The plan is to reduce the number of older employees so we can be more competitive.” While defendant vehemently denies that this statement occurred, and plaintiff does not provide much evidence to corroborate it, this Court must at summary judgment construe the record in the light most favorable to the non-moving party. Bailey, supra at 371. Plaintiff discussed the incident both in his affidavit and upon deposition, and a reasonable factfinder could find that it did occur.[7] Remembering that plaintiffs burden is one of production, the above evidence clears the hurdle. Plaintiff has produced “the requisite quantum of evidence to enable him to reach the jury with his claim.” Humphrey v. National Semiconductor Corp., 18 Mass.App.Ct. 132, 135 (1984).
Defendant’s motion for summary judgment on Count I is therefore denied, bearing in mind that, “summary judgment is an inappropriate tool for resolving claims of employment discrimination, which involve nebulous questions of motivation and intent.” Thornbrough v. Columbus and Greenville R. Co., 760 F.2d 633 (5th Cir. 1985).
COUNT II: BREACH OF CONTRACT
Plaintiffs claim is that his termination breached an implied contract of good faith and fair dealing. Massachusetts courts recognize an implied duty of good faith and fair dealing in at-will employment relationships. This implied duty has been held to be breached, giving plaintiff a contract remedy, in situations (1) where the defendant-employer is unjustly enriched by receiving the benefits of plaintiffs previous work on defendant’s behalf without recompense to the plaintiff, Fortune v. National Cash Register Co., 373 Mass. 96, 102 (1977), and (2) where the termination occurred in violation of public policy. Smith-Pfeffer v. Supt. of Walter E. Fernald State School, 404 Mass. 145, 150 (1989); Gram v. Liberty Mutual Ins. Co., 384 Mass. 659, 668 (1982).
Plaintiff has made no showing at summary judgment of unjust enrichment accruing to defendant or of a violation of articulated public policy by defendant, so his contract claim must fail. While G.L.c. 15 IB is a statement of state policy against age discrimination, Massachusetts courts have expressly denied breach of contract relief to age discrimination plaintiffs, holding that the remedial scheme offered by 15IB is comprehensive and exclusive of any contractual remedy. Melley v. Gillette Corp., 19 Mass.App.Ct. 511, 513, aff'd 397 Mass. 1004 (1986). Defendant’s motion for summary judgment on Count II is granted.
COUNT III: M.G.L.C. 93, §103 AGE DISCRIMINATION
Plaintiff also seeks relief under G.L.c. 93, §103, the Massachusetts Equal Rights Act of 1990.[8] The question of the applicability of this statute to employment discrimination cases is currently unsettled. Compare Cohen v. Safety Insurance Co., No. 91-4991-C (Suffolk Co. February 1993) (Cratsley, J), with Titcomb v. Boston Safe Deposit and Trust Co., Inc., No. 92-6585 (Suffolk Co. June 1993) (Sosman, J). This Court wrote in Cohen that G.L.c. 93, §103 was applicable to age discrimination claims in which G.L.c. 15IB was not available to the plaintiff. Cohen at 7, citing Agin v. Federal White Cement, No. 91-1426 (Hampden Superior Ct. Sept. 1992) (Sweeney, J.). When G.L.c. 15IB is available, however, it dominates the field. Titcomb, supra at 8-9. See Napolitan v. New England Telephone Co., C.A. No. 91-12973-MA, slip op. at 2-3 (D.Mass. January 15, 1993); Sereni v. Star Sportswear Mfg. Corp., 24 Mass.App.Ct. 428, 431-32, rev. denied, 400 Mass. 1107 (1987); Mouradian v. General Elec. Co., 23 Mass.App.Ct. 538, rev. denied, 400 Mass 1107 (1987); Bergeson v. Franchi, 783 F.Supp. 713, 720-21 (D.Mass. 1992); Conway v. Boston Edison Co., 745 F.Supp. 773 (D.Mass. 1990); Bester v. Roadway Express, Inc., 741 F.Supp. 321, 322-23 (D.Mass. 1990). In the instant case, plaintiff has a valid claim under G.L.c. 15IB. He thus is not entitled to relief under G.L.c. 93, §103. Defendant’s motion for summary judgment with respect to plaintiffs claim under G.L.c. 93, §103 is granted as the growing weight of Superior Court opinion supports this view. It is simply unworkable for the trial judge to have conflicting burdens of proof and concepts of damages, as set forth in the two statutes, going to the jury at the same time. For another trial judge’s description of how this problem should be avoided, see Judge Sweeney’s opinion in Agin v. Federal White Cement, supra.
ORDER
For the foregoing reasons, it is hereby ORDERED that:
(1) Defendant’s motion for summary judgment on plaintiffs G.L.c. 15 IB age discrimination claim (Count I) is DENIED.
(2) Defendant’s motion for summary judgment on plaintiffs breach of contract claim (Count II) is GRANTED.
(3) Defendant’s motion for summary judgment on plaintiffs G.L.c. 93, §103 age discrimination claim (Count III) is GRANTED.

 According to Bull’s last Performance Appraisal and Analysis Sheet of plaintiff, dated 11/8/89, plaintiff was a “Graphic Artist." According to the Special Consideration Review sheet from either 12/89 or 1/90, he was “Supervisor in Graphics Design.”

 Plaintiff also had taken two basic computer courses in 1983, and had been given a spare Department Macintosh with which to familiarize himself in November of 1989.

 While plaintiffs claims as to the nature of his position cannot be verified at this point of summary judgment, it is helpful to note the results of a performance review of him from October of 1989. He was reviewed by Craig Vogel and found to be good at scheduling projects and getting the work done well in the face of cutbacks in the department. The review praised his freehand and mechanical drawing skills, his ideas, his record keeping, and his ability to keep costs down. It also noted his need to expand his Macintosh capabilities and “to pay more attention to detail under pressure situations.” The document also contains a statement from plaintiff acknowledging that his job role has shifted from project supervision “to one which requires a familiarity with the Macintosh computer.” (Affidavit of Craig Vogel, Exhibit C, “11 /8/89 Performance Appraisal of Plaintiff.)

 The relevant portion of the statute reads:
It shall be an unlawful practice:
For an employer in the private sector, by himself or his agent, because of the age of any individual... to bar or to discharge from employment such individual . . . unless based upon a bona fide occupational qualification. M.G.L.c. 151B, §§4, IB.

 While defendants dispute that plaintiff met their legitimate job expectations, plaintiff has introduced sufficient evidence of his satisfactory job performance to present a prima facie case. “The burden of establishing a prima facie case of disparate treatment is not onerous.” Texas Department of Community Affairs v. Burdine, 450 U.S. 248, 253 (1981). Defendant’s Performance Appraisal and Analysis Form from November 1989 praises plaintiffs freehand and mechanical drawing skills, his ideas, his scheduling and record-keeping abilities, and his ability to keep costs down. This is enough to get plaintiff past part (2) of the prima facie case requirements.

 While these cases were decided before the heightened ultimate evidentiary requirement of St Mary's Honor Center, and its subsequent characterization of plaintiffs burden at summary judgment as one of production, they still stand for the proposition that summary judgment will be granted when plaintiff does not meet its burden.

 Plaintiffs affidavit also contains a quote from a Tom Manning, a director at Bull who attended the meeting, who states he would be willing to testify at trial on plaintiffs behalf about the incident. While this smacks of hearsay, it may still be considered for this motion; “If a party does not move to strike the defective portion of an opponent’s affidavit, in his discretion the judge may rely on the fact stated on belief.” Madsen, supra at 721. However, a separate affidavit from Manning would be more persuasive.

 statute provides:
Any person within the commonwealth, regardless of handicap or age as defined in chapter one hundred and fifty-one B, shall, with reasonable accommodation, have the same rights as other persons to make and enforce contracts, inherit, purchase, lease, sell, hold, and convey real and personal property, sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property, including, but not limited to, the rights secured under Article CXIV of the amendments to the Constitution. M.G.L.c.93, §103.