McCann, J.
On June 22, 2001, plaintiffs Bruce D. Rellstab and Daniel L. Olcott, d/b/a/ Community Financial & Retirement Services, filed a verified complaint against defendants John Hancock Financial Services,.Inc., John Hancock Life Insurance Company and affiliated companies (collectively “John Hancock”), H. Louis Rocheleau, III, Laura Saccocio, Brett J. Connolly, and AspenCross Insurance Services, LLC, f/k/a Charter Financial Group Insurance Services, LLC. Currently before the court is the defendants’ Partial Motion for Summary Judgment on Counts I, II, and V. Count I is a petition for declaratory, compensatory and injunctive relief; Count II alleges fraud, misrepresentation and deceit; and Count V alleges unfair and deceptive practices in violation of G.L.c. 93A and G.L.c. 176D.[3] In that the plaintiffs have_ assented to dismissal of Count II, the defendants’ motion for partial summary judgment as to Count II is GRANTED. For the following reasons, the defendants’ motion for partial summary judgment as to Counts I and V is DENIED.

DISCUSSION

Summary judgment is granted only when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Mass.R.Civ.P. 56(c); Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983). Disputed facts and reasonable inferences therefrom are considered in the light most favorable to the non-moving party. Hub Associates, Inc. v. Goode, 357 Mass. 449, 451 (1970).
*553 1. Count I: Declaratory Relief and Joinder of Necessary Parties
In Count I, the plaintiffs seek a declaration of rights and obligations of the parties under the terms of a document entitled “Special Agent’s Commission Agreement” (“Agreement”).[4] As an initial matter, the plaintiffs allege that because they were required to sign the Agreements during the course of their employment, the Agreements were not supported by consideration, and therefore, the Agreements, and the provisions contained therein, are null and void. The defendants assert the plaintiffs’ continued employment after the execution of the Agreements provided adequate consideration, citing Sherman v. Pfeffierkorn, 241 Mass. 468 (1922), and Wrentham Co. v. Cann, 345 Mass. 737 (1963).[5] In later decisions, however, courts have more carefully scrutinized non-compete and non-solicitation agreements, strictly construing such provisions against the employer-drafter, and requiring more than merely continued employment as consideration. See e.g., Sentry Insurance v. Firnstein, 14 Mass.App.Ct. 706, 707-08 (1982) (finding consideration in a non-compete agreement where the terms of the underlying employment contract had been negotiated). Indeed, “the courts now appear to refuse to enforce non-competition and non-solicitation agreements when the only purported consideration is the employee’s continued employment.” Ikon Office Solutions, Inc. v. Belanger, 59 F.Supp.2d 125, 131 (1999).
The defendants claim they are entitled to summary judgment on Count I because: (1) G.L.c. 231A, §8 requires that all parties with interest must be joined; (2) the plaintiffs failed to join necessary parties, General Agent Kenneth Gurian (“Gurian”) and his successor, Eric Jansen (“Jansen”); and (3) the deadline to amend the Complaint has passed. In April of 2000, each plaintiff signed their own Agreement, both of which were also signed by Gurian, the General Agent at the Westborough General Agency. Since that time, Jansen has replaced Gurian as the General Agent.
“The determination of contractual rights is a proper subject of declaratory judgment proceeding.” Sahli v. Bull HN Information Systems, Inc., 437 Mass. 696, 705 (2002). “When declaratory relief is sought, [however,] all parties shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceedings.” G.L. 231A, §8. A party should be joined who has a legal interest in the proceedings, whose absence will prejudice his or her own right in asserting it, and who should be “bound by the declaration and not left free to raise the same question . . . with the same parties at a later date.” Sadler v. Industrial Trust Co., 327 Mass. 10, 13 (1951); Mass.R.Civ.P. 19(a).
Genuine issues of material fact are in dispute in this case regarding the relationship between the General Agent and the named defendant corporations; i.e. whether the General Agent was an employee or agent of the corporation(s) when the Agreement was signed.[6] Even if the court were able to conclude from the record that Gurian and Jansen were necessary parties, the plaintiffs failure to join them is not grounds for dismissal. Mass.R.Civ.P. 21; Stock v. Massachusetts Hospital School, 392 Mass. 205, 214. Rather, the court may order the addition of a necessary party on motion of any party or on its own motion after hearing. Mass.R.Civ.P. 21; Palmer v. Murphy, 42 Mass.App.Ct. 334, 337, 340 (1997).
2. Count V: Chapter 93A and 176D
The defendants seek summary judgment on Count V asserting the plaintiffs do not have standing and alternatively that they failed to comply with the demand letter requirements of G.L.c. 93A, §9. As they are engaged in trade or commerce, the plaintiffs have standing pursuant to section 11 of chapter 93A, and, therefore, they are not required to send a demand letter as a prerequisite to filing suit. Nader v. Citron, 372 Mass. 96, 99 (1977). In contrast to section 9, however, section 11 does not grant an independent right to recover for violations of G.L.c. 176D. Polaroid Corp. v. The Travelers Indemnity Co., 414 Mass. 747, 754 (1993). Thus, the defendants’ alleged violations of G.L.c. 176D, “is of significance only to the extent that the alleged wrongful conduct was a violation of G.L.c. 93A, §2 (’unfair or deceptive practices’).” Id.

ORDER

For the foregoing reasons, it is therefore ORDERED that the defendants’ partial motion for summary judgment be ALLOWED as to Count II, and DENIED as to Counts I and V.

Count II alleges quantum meruit, Count III is for tortious interference with advantageous business relations, and in Count V, defamation and slander.

Specifically, the plaintiffs assert that the defendants have interfered with the plaintiffs’ ability to conduct business and seek a declaration of rights and obligations regarding a provision that reads in relevant part:
For a period of two years following the termination of Special Agent, Special Agent shall not directly or indirectly contact policyholder(s) or contractholder(s) who purchased their policy(ies) or contracts] through the Special Agent, for the purpose of inducing or attempting to induce such policyholder(s) or contractholder(s) to cancel, lapse or fail to renew such policyholder’s or contractholder’s policy(ies) or contract(s) with the Company. Violation of this provision may be enjoined by any legal means available to the General Agent.
By its terms, this provision expired on July 1, 2002.

The defendants’ argument is inconsistent and circular. They assert the Agreement is valid because the plaintiffs’ continued employment provided consideration; however, they also argue that per the Agreement the plaintiffs became independent contractors upon its execution.

Although the General Agent entered the Agreement “acting in General Agent’s own right” and has the right of enforcement, and although the Agreement itself does not “create the relationship of employer and employee between the parties ... or between either of them and the Company,” it also identifies the existence of a separate contract between the General Agent and the Company, which is not provided in the summary judgment record. The Agreement further provides that if the “General Agent’s contract between the Company and the General Agent" is terminated, “the Company shall succeed to the rights of the General Agent...”