Locke, J.
The plaintiff, Tricia Conroy (Ms. Conroy), filed this action for negligence against the defendant, J&F Marinella Development Corporation (Marinella Corporation), for an injury she allegedly sustained on the Marinella Corporation’s construction site. The matter is before this court on the Marinella Corporation’s motion for summary judgment pursuant to Mass.R.Civ.P. 56, claiming it did not owe Ms. *441 Conroy a duty to warn her of open and obvious dangers or a duty to provide a smooth path on the construction site. For the reasons discussed below, Marinella Corporation’s motion for summary judgment is DENIED in part and ALLOWED in part.
BACKGROUND
The undisputed facts in the summary judgment record are as follows.[1]
The Marinella Corporation was a developer and contractor for a residential subdivision in Whitinsville known as Hills of Whitinsville. The Marinella Corporation is owned and operated by the Marinella brothers, Frank and Joseph. Ms. Conroy and the Marinella Corporation contracted for the construction of Ms. Conroy’s home on lot 106, numbered 162 Nathaniel Drive.[2] The lot consisted of a wooded site and, in the fall of 2001, was cleared in preparation for construction. After the lot was cleared and the foundation poured, the defendant graded the site with compacted earth as is typical of construction sites, the Whitinsville site (the Property). Ms. Conroy was allowed to come to the Property to track the progress of the construction and take measurements, which she frequently did. In addition, Ms. Conroy would come to the Property to speak with Frank Marinella regarding any questions, concerns, or changes to the home.[3]
On or about October 19, 2001, a clear and sunny afternoon, Ms. Conroy came to the Property with some co-workers during her lunch break to observe the progress on the home. Subcontractors were framing the house with lumber that had been delivered by truckload earlier. The trucks had driven across the yard to deposit their loads and had left various tire “ruts” in the front yard area. The ruts were approximately two to three inches deep. No physical objects obstructed the view of the ground in the front yard, and most of the ruts in the front yard were visible.[4]
Ms. Conroy parked her Jeep and made her way across the front yard. She entered the home and spoke briefly with some of the workers about the progress of the construction. Ms. Conroy then proceeded back across the front yard in the direction of her Jeep. While walking across the front yard, Ms. Conroy twisted her ankle.[5] She subsequently filed this suit against the Marinella Corporation, alleging negligence in maintaining the Properly during construction by failing to warn her of the ruts and in not providing her a smooth pathway to come onto the property.
DISCUSSION
Summary judgment shall be granted when there are no genuine issues of material fact, and the moving party is entitled to judgment as a matter of law. Mass.R.Civ.P. 56(c); Opara v. Mass. Mut. Life Ins. Co., 441 Mass. 539, 544 (2004). The burden of affirmatively demonstrating the absence of a triable issue and entitlement to judgment as a matter of law lies with the moving party. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). The moving parly can satisfy this burden by setting forth affirmative evidence negating an essential element of the opposing party’s case or by demonstrating that the opposing party has no reasonable expectation of proving an essential element of its case at trial. Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. Gen. Motors Corp., 410 Mass. 706, 716 (1991). Disputed facts and the reasonable inferences from those facts are viewed in the light most favorable to the non-moving parfy. Kuwaiti Danish Computer Co. v. Digital Equip. Corp., 438 Mass. 459, 464 (2003); Hub Assocs., Inc. v. Goode, 357 Mass. 449, 451 (1970).
In order for a plaintiff to prevail on a theory of negligence, the defendant must owe the plaintiff a legal duty, breach that duty, and proximately cause the plaintiffs harm. Davis v. Westwood Group, 420 Mass. 739, 742-42 (1995). A landowner generally owes a duty to visitors on its land “to maintain the premises in reasonably safe condition and to warn visitors of any unreasonable dangers” on the premises. Id. The duty to make conditions safe and warn of hazards, however, is alleviated when the dangers are open and obvious “to a person of ordinary perception and judgment.” See O’Sullivan v. Shaw, 431 Mass. 201, 204 (2000). Consequently in the first instance, the issue before the Court is whether the rutted ground on the Property was an open and obvious danger, negating the defendant’s duty to warn the plaintiff to watch her step.
The defendant argues that an unobstructed view of the open and obvious ruts relieved it of its duty to warn and protect Ms. Conroy from the potential hazard of the rutted ground.[6] When a hazard is open and obvious, visitors are presumed to have notice of it, making warnings unnecessary. See Shaw, 431 Mass, at 204. A construction site is, by definition, aworkin progress. It would make no sense to landscape a yard before completing those construction activities that are likely to disturb the ground and any visitor to a construction site would see, and should expect, that the terrain may be uneven and rugged. Here, the parties do not dispute that the ground was “rutted up” with tire marks. Faced with this terrain at the construction site, a reasonable person would be expected to exercise reasonable care when she walked across such rugged ground. See id. Although Ms. Conroy argues that some of the depressions could have been shadowed, preventing her from seeing them, it is clear that the overall ground condition was plainly visible and the existence of ruts “would be obvious to a person of ordinary perception and judgment.”[7] See id., at 204-05. In her deposition the plaintiff concedes that the uneven terrain at her house site was plainly visible and that there were tire tracks in the earth. She was familiar with construction sites, having been to numerous others, and did not see anything unusual at her future home. Under these circumstances, the dangers inherent in uneven ter *442 rain were open and obvious, relieving the defendant of any duty to warn.
The plaintiff next contends that the defendant was negligent in failing to create a smooth passageway for her to enter the house in order to converse with the Marinellas. She argues that an affirmative duty existed because Frank Marinella had instructed her to see him at the job site if she had questions or wanted to discuss any changes in the house design. In their opposition the defendant argues that no such special duiy exists because the job here was no different than any other construction project. Implicit in this claim is the assertion that there is no standard practice or custom within the construction industry requiring the creation of a safe passageway for visitors to a job site. In the context of a negligence action, the degree of care required is that which “a person of ordinary caution and prudence out to exercise under the particular circumstances . . . ,” Altman v. Aronson, 231 Mass. 588, 591 (1919), and varies with the circumstances. Here, the extent of the defendant’s duty of care is measured, in part, by what is generally accepted within the home construction industry as to safeguarding those accessing active job sites. As to this issue, however, neither party has submitted any evidence and the generally accepted standard of conduct is not a matter of general knowledge. Therefore, the motion for summary judgment must be denied on this issue based on the existence of a fact issue regarding a contractor’s duty to provide safe access.
ORDER
For the foregoing reasons, it is hereby ORDERED that J&F Marinella Corporation’s Motion for Summary Judgment be DENIED with regard to the issue of whether it owed plaintiff a duty to provide safe access to the construction site, and ALLOWED with regard to whether the defendant corporation owed a duty to warn plaintiff of the open and obvious hazards on the site.

The facts are taken from deposition testimony of the plaintiff, Tricia Conroy, and the two principals of the defendant corporation, Joseph and Frank Marinella; a statement of material facts and responses thereto; and photographs of the accident scene.

At all times relevant to this action, the Marinella Corporation was owner of the Property.

Initially, Ms. Conroy attempted to direct her questions and comments to Judy Hewitson, the real estate broker for the Whitinsville properties, but Frank Marinella became the primary contact when Ms. Hewitson did not return Ms. Conroy’s calls. The record indicates that Ms. Conroy was given Frank Marinella’s cell phone number, but Ms. Conroy contends that she still was required to come to the Property to speak with Frank Marinella and follow the progress.

The plaintiff concedes that she was aware of the tire ruts in the front yard, but contends that some depressions might have created shadows which might have prevented her from seeing some of the ruts.

Although Ms. Conroy did not see what caused her ankle to twist, she felt her ankle buckle when she “hit a rut.” There is also evidence in the record that there might have been some pieces of wood and other debris around the Property, but Ms. Conroy does not allege that her injury resulted from stepping on any of the debris or that any of the debris obstructed her vision of the ground.

To bolster its position, the Marinella Corporation points to several subjective characteristics such as Ms. Conroy’s awareness of the ruts on the way toward the house, her past visits to the construction site, and her prior visits to other construction sites. Under an open and obvious analysis, however, the subjective characteristics of the plaintiff are irrelevant. See Shaw, 431 Mass, at 209-10.

The plaintiff counters that although she was on notice that the terrain was rutted she did not see the particular rut on which she twisted her ankle, possibly due to the existence of shadows that concealed the existence or depth of a particular tire rut. The argument is misplaced in the context of this case. The issue is not whether the plaintiff knew of the precise hazard that led to her injury but whether she knew or should have known of the generally hazardous condition based on its open and obvious appearance. One who knowingly enters a minefield cannot later complain that they did not see the particular mine that triggered an explosion.